| | |
|---|---|
| YULIYA P GOSSEN, A/K/A JULIA GOSSEN and ALEKSEY V GOSSEN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATIONAL/WASHINGTON MUTUAL BANK, FA (FL); STEWART TITLE COMPANY; NORTHWEST TRUSTEE SERVICES, INC., SUCCESSORS BY MERGER TO NORTHWEST TRUSTEE SERVICES PLLC FKA NORTHWEST TRUSTEE SERVICES, LLC; DOES 1THROUGH 250 INCLUSIVE,,<br><br>Defendants. | CASE NO. C11-05506 RJB<br><br>ORDER GRANTING MOTIONS TO DISMISS OF DEFENDANTS JP MORGAN CHASE BANK AND NORTHWEST TRUSTEE SERVICES, INC. |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

This matter comes before the Court on Defendant JP Morgan Chase Bank's (Chase) Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). Dkt. 11. Defendant Northwest Trustee Services, Inc. (NWTS) joins the motion and also requests dismissal of Plaintiffs' claims. Dkt.
ORDER GRANTING MOTIONS TO DISMISS OF
DEFENDANTS JP MORGAN CHASE BANK AND
NORTHWEST TRUSTEE SERVICES, INC.- 1

15. The Plaintiffs have failed to respond to the motions to dismiss. Pursuant to Local Rule 7(b)(2), such failure may be considered by the Court as an admission that the motion has merit. The Court has considered the pleadings in support of motions and the record herein.

**INTRODUCTION AND BACKGROUND**

In July 2007, Plaintiffs Yuliya and Aleksey Gossen, husband and wife, refinanced the loan for their home in City of Battle Ground, Washington. Dkt. 6-1 pp. 7. The Gossens executed an "Adjustable Rate Note" (Note) with Washington Mutual Bank (WaMu), dated July 12, 2007, with a principal amount of $304,000. Dkt. 6-1 pp 7, 51-55; Dkt. 12 pp. 4-9. Yuliya Gossen initialed each page of the Note and signed it. Dkt. 12 pp. 4-9. The Note identified WaMu as the "Lender," and Yuliya Gossen as the "Borrower." *Id*, at pp. 4, 8. The Note stated that the borrower "understands that Lender may transfer this Note" *Id*., at pp. 4.

The Note was secured by a Deed of Trust recorded in Clark County, Washington. Dkt. 6-1 pp. 8, 57-71; Dkt. 12 pp. 10-31. The Deed of Trust identified Yuliya Gossen and Aleksey as the "Borrower" and WaMu as the "Lender." Dkt. 6-1 pp. 57. The Deed of Trust stated that the "Lender is the beneficiary under this Security Instrument," and Stewart Title Company the "Trustee." *Id*., at pp. 58. The Deed of Trust further provided that the "Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower." *Id.,* at pp. 68. The Deed of Trust empowered the Lender to direct a trustee to initiate foreclosure upon default. *Id*., at pp. 69-70. Both Yuliya and Aleksey Gossen initialed each page of and signed the Deed of Trust. *Id*., at pp. 57-71.

On September 25, 2008, the Federal Deposit Insurance Corporation (FDIC) placed WaMu in receivership and sold many of WaMu's assets to Chase, including all loans and loan commitments of WaMu. Dkt. 13 pp. 5 through Dkt. 13-1 pp. 20; Dkt. 13-2 pp. 21.

On April 10, 2009, Northwest Trustee Services, Inc. (NWTS) served a Notice of Default on the Gossens. Dkt. 6-1 pp. 31-33. The Notice of Default was issued by NWTS as the authorized agent of Chase. *Id.*, at pp. 33. The Notice referenced the Deed of Trust and Note executed by the Gossens and WaMu. *Id.*

On April 22, 2009, Chase recorded with Clark County an Appointment of Successor Trustee (Appointment). Dkt. 6-1 pp. 36. The Appointment notes that it appears on record that WaMu is the beneficiary and Stewart Title the trustee of the Deed of Trust. The Appointment goes on to state that Chase, as purchaser of the loans and other assets of WaMu, is the present beneficiary and as the present beneficiary, NWTS is appointed as the successor trustee to Stewart Title. *Id.*

On May 19, 2009, more than thirty days after transmitting the Notice of Default and not having received a response, NWTS recorded a Notice of Trustee's Sale that set the sale date for August 21, 2009. Dkt. 6-1 pp. 38-41. A sale did not occur and on March 25, 2010, NWTS executed a Notice of Discontinuance of Trustee's Sale and a new Notice of Trustee's Sale, setting the new sale for July 2, 2010. Dkt. 6-1 pp. 43-47; Dkt. 13-2 pp. 13.

NWTS eventually sold the property on September 24, 2010, to Federal National Mortgage Association (Fannie Mae) for $362,378.00 and recorded the Trustee's Deed on October 10, 2010. Dkt. 13-2 pp. 16-18. The Gossens neither sought nor obtained a temporary restraining order or preliminary injunction to restrain the sale.

On May 4, 2011, the Gossens filed the instant lawsuit against three entities: JP Morgan Chase Bank, National Associational/Washington Mutual Bank, FA (Chase); Stewart Title Company; and Northwest Trustee Services (NWTS). Dkt. 6-1 pp. 2-5. The Complaint asserts fourteen causes of action, as well as Truth In Lending Act (TILA) and Real Estate Settlement

| | |
|---|---|
| 1 | Procedures Act (RESPA) violations. Dkt. 6-1. The causes of action are: (1) wrongful |
| 2 | foreclosure, (2) "set aside default," (3) fraud , (4) declaratory relief, (5) quiet title, (6) breach of |
| 3 | fiduciary duty, (7) breach of the covenant of good faith and fair dealing, (8) injunctive relief – |
| 4 | note, (9) injunctive relief – foreclosure, (10) "separation of note and deed of trust," (11) "no |
| 5 | holder in due course," (12) "right of rescission," (13) conspiracy, and (14) accounting. *Id.* |
| 6 | The Gossens premise these causes of action primarily on three factual allegations. First, |
| 7 | the Gossens assert that the lender WaMu failed to disclose pertinent loan information to the |
| 8 | Gossens (Dkt. 6-1 pp. 10-12); second, they assert that because WaMu did not record an |
| 9 | assignment of its interest in the Note and Deed of Trust to Chase, Chase did not have a beneficial |
| 10 | interest in the Note or Deed of Trust, and thus could not foreclose (Dkt. 6-1 pp. 7-10); and third, |
| 11 | NWTS lacked authority to issue the Notice of Default starting the foreclosure process because it |
| 12 | did so before Chase executed the appointment of NWTS as successor trustee to Stewart Title in |
| 13 | the Deed Of Trust (Dkt. 6-1 pp. 12-13). |
| 14 | Defendants Chase and NWTS move for dismissal with prejudice of all claims of the |
| 15 | Plaintiffs pursuant to Fed. R. Civ. P. 12(b)(6). Stewart Title Company has not filed an |
| 16 | appearance in the action, nor does the record reflect that Stewart Title Company has been served |
| 17 | with a copy of the summons and complaint. |

## STANDARDS GOVERNING RULE 12(b)(6) MOTIONS TO DISMISS

| | |
|---|---|
| 19 | Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short |
| 20 | and plain statement of the claim showing that the pleader is entitled to relief." Under Fed. R. |
| 21 | Civ. P. 12(b)(6), a complaint may be dismissed for "failure to state a claim upon which relief |
| 22 | can be granted." Dismissal of a complaint may be based on either the lack of a cognizable legal |
| 23 | theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v.* |

1  *Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990).  While a complaint attacked by a
2  Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation
3  to provide the grounds of his entitlement to relief requires more than labels and conclusions, and
4  a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v.*
5  *Twombly,* 550 U.S. 544, 555 (2007).

6  Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient
7  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft*
8  *v. Iqbal,* 129 S. Ct. 1937, 1949 (*citing Twombly*, at 570).  A claim has "facial plausibility" when
9  the party seeking relief "pleads factual content that allows the court to draw the reasonable
10 inference that the defendant is liable for the misconduct alleged." *Id*.  First, "a court considering
11 a motion to dismiss can choose to begin by identifying pleadings that, because they are no more
12 than conclusions, are not entitled to the assumption of truth." *Id*., at 1950.  Secondly, "[w]hen
13 there are well-pleaded factual allegations, a court should assume their veracity and then
14 determine whether they plausibly give rise to an entitlement to relief." *Id.*  In sum, for a
15 complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable
16 inferences from that content must be plausibly suggestive of a claim entitling the pleader to
17 relief.

18 A court may consider material which is properly submitted as part of the complaint on a
19 motion to dismiss without converting into a motion for summary judgment.  *Lee v. City of Los*
20 *Angeles,* 250 F.3d 668, 688 (9th Cir. 2001).  Where the documents are not physically attached to
21 the complaint, they may be considered if the documents' "authenticity ... is not contested" and
22 "the plaintiff's complaint necessarily relies" on them." *Parrino v. FHP, Inc*., 146 F.3d 699, 705–
23 06 (9th Cir. 1998).  Further, pursuant to Fed. R. Evid. 201, a court may take judicial notice of

1  "matters of public record" without converting a motion to dismiss into a motion for summary

2  judgment. *Mack v. South Bay Beer Distrib., Inc*., 798 F.2d 1279, 1282 (9th Cir. 1986).

3      Plaintiffs have attached much of this documentation to Plaintiffs' Verified Complaint. It

4  is also in large part a matter of public record. Further, its authenticity has not been contested.

5  Finally, the Verified Complaint necessarily relies on these documents. Accordingly, the Court

6  has considered these documents in ruling on this motion to dismiss.

## CLAIMS ARISING FROM CONDUCT OF WASHINGTON MUTUAL

8      The Gossens assert TILA and RESPA violations based on WaMu's alleged failure to

9  identify loan charges, fees, and terms at the origination of the loan agreement. Dkt. 6-1 pp. 10-

10  The Second Cause of Action (To Set Aside Default) is based on WaMu's alleged failure to

11  provide the Gossens the "opportunity to negotiate" the Deed of Trust. Dkt. 6-1 pp. 71. The Third

12  Cause of Action (Fraud) is based on the language of the Deed of Trust executed with WaMu.

13  Dkt. 6-1 pp. 17-18. The Eleventh Cause of Action (No Holder in Due Course) is based on

14  WaMu's alleged failure to record the assignment to Chase. Dkt, 6-1 pp. 25. The Thirteenth

15  Cause of Action (Conspiracy) is based on WaMu's alleged concealment of the purported

16  negative loan amortization. Dkt. 6-1 pp, 26-27.

17      These causes of action are subject to dismissal because the alleged conduct of WaMu, if

18  proved in fact, cannot be the basis of a cause of action against Chase or NWTS.

19      First, as previously noted, WaMu went into receivership with the FDIC, which sold many

20  of WaMu's assets to Chase under a Purchase and Assumption Agreement. Under Article 2.5 of

21  the Agreement, Chase expressly did not assume any WaMu liabilities involving "borrower

22  claims for payment of or liability to any borrower for monetary relief, or that provide for any

23  other form of relief to any borrower ... related in any way to any loan or commitment to lend

24

ORDER GRANTING MOTIONS TO DISMISS OF
DEFENDANTS JP MORGAN CHASE BANK AND
NORTHWEST TRUSTEE SERVICES, INC.- 6

made by [WaMu]" before September 25, 2008, when WaMu went into FDIC receivership. Dkt. 13 pp. 17. Thus, Chase (and NWTS) is not a successor to WaMu for liabilities related to the Gossens' loan origination. See *McCann v. Quality Loan Servo Corp.*, 729 F. Supp. 2d 1238, 1241-42 (W.D. Wash. 2010). On this basis the Gossens' causes of action based on the conduct of WaMu in the origination of the loan are subject to dismissal.

A separate basis for dismissal of these claims is that Chase is a holder in due course, which bars the Gossens' damage claims for WaMu's purported disclosure violations. Under federal law, the FDIC is given holder in due course status and that status is also acquired by its assignees under the shelter doctrine. See *Fed Sav. & Loan Ins. Corp. v. Cribbs,* 918 F.2d 557, 559-60 (5th Cir. 1990). As a general rule, a holder in due course takes a negotiable instrument free from "all claims to it on the part of any person," and from "all defenses of any party to the instrument with whom the holder has not dealt." *Wesche v. Martin*, 64 Wn. App. 1, 8 822 P.2d 812 (1992). Chase, the assignee of note from FDIC, acting as receiver, had the right to enforce the Note free from the defenses arising from WaMu's conduct at loan origination.

Plaintiffs claim that the Note was a non-negotiable instrument and not subject to holder in due course status is contrary to the law. See *Fed. Fin. Co. v. Gerard*, 90 Wn. App. 169 949 P.2d 412 (1998). The cause of action asserting no holder in due course is subject to dismissal, as are the claims premised on WaMu conduct in the origination of the loan.

TILA's one-year limitations period also bars Plaintiffs' damages claims because they did not file this lawsuit within one year of the date of the alleged violation, the date the Gossens signed the loan documents. 15 U.S.C. § 1640(e); *Meyer v. Ameriquest Mortg. Co*., 342 F.3d 899, 902 (9th Cir. 2003).

Plaintiffs plead no facts supporting their bare assertion that equitable tolling should apply to their claim for damages under TILA.

To the extent the Gossens also seek rescission under TILA, the claim is subject to dismissal because they could only seek rescission under TILA within "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."  15 U.S.C. § 1635(f).  The property was sold on September 24, 2010.  On October 8, 2010, NWTS recorded a Trustee's Deed showing that ownership of the property transferred from the Gossens to Fannie Mae.  Thus, Plaintiffs cannot seek rescission under TILA.

The RESPA claims are subject to dismissal because the Gossens failed to plead any facts supporting a RESPA claim.

## CLAIMS BASED ON WASHINGTON DEED OF TRUST ACT

A number of the causes of action asserted by the Gossens are governed by the Washington Deed of Trust Act.  These are (1) Second Cause of Action (Set Aside Default), Dkt 6-1 pp. 15-16; (2) Third Cause of Action (Fraud) *Id.* pp 16-18; (3) Fourth Cause of Action (Declaratory Relief'), *Id.* pp. 18-19; (4) Fifth cause of Action (Quiet Title), *Id.* pp. 19-20; (5) Sixth Cause of Action (Breach of Fiduciary Duty), *Id.* pp. 20-21; (6) Seventh Cause of Action (Breach of Covenant of Good Faith and Fair Dealing), *Id.*  pp. 21-22; (7) Eighth and Ninth Causes of Action (Injunctive Relief), *Id.* pp. 22-24; (8) Tenth Cause of Action (Separation of the Note and Deed of Trust), *Id.* pp. 24-25; (9) Eleventh Cause of Action (No Holder in Due Course), Id. pp. 25; (10) Twelfth Cause of Action (Right of Rescission), *Id.* at pp. 26; (11) Thirteenth Cause of Action (Conspiracy) *Id.* pp. 26-27; and (12) Fourteenth Cause of Action (Accounting), *Id.* pp. 27-28.

1   The Deed of Trust Act (Act) sets out the procedures that must be followed to properly

2   foreclose a debt secured by a deed of trust.  Chapter 61.24 RCW.  A proper foreclosure action

3   extinguishes the debt and transfers title to the property to the beneficiary of the deed of trust or to

4   the successful bidder at a public foreclosure sale.  *Albice v. Premier Mortg. Services of*

5   *Washington, Inc.,* 157 Wn. App. 912, 920, 239 P.3d 1148 (2010).

6         The Act provides a procedure by which any enumerated entity may restrain a trustee's

7   sale on any proper ground.  *Brown v. Household Realty Corp*., 146 Wn. App. 157, 163, 189 P.2d

8   233 (2008).  This statutory procedure is the only means by which a grantor may preclude a sale

9   once foreclosure has begun with receipt of the notice of sale and foreclosure.  *Id.*  A borrower's

10  failure to take advantage of the pre-sale remedies under the Deed of Trust Act results in waiver

11  of their right to object to the trustee's sale where the party (1) received notice of the right to

12  enjoin the sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the

13  sale, and (3) failed to bring an action to obtain a court order enjoining the sale.  *Brown,* at 163.

14  See also *Plein v. Lackey*, 149 Wn.2d 214, 227-229, 693 P.2d 683 (2003).

15        In their Complaint, the Gossens admit they received the Notice of Default and the Notice

16  of Trustee's sale, and they do not dispute that those Notices advised them of their right to seek to

17  enjoin the sale.  The Gossens did not invoke any pre-sale remedy afforded to them with respect

18  to their causes of action seeking to set aside sale of the foreclosed property, thus these claims

19  may be deemed waived.  *Brown*, at 163; RCW 61.24.127; RCW 61.24.130.

20        The Gossens' causes of action for declaratory and injunctive relief, quiet title, rescission,

21  to set aside default and for an accounting are subject to dismissal pursuant to the waiver

22  provisions of the Deed of Trust Act.  Further, because the Gossens no longer have a right to

23  possession of the property, the Court cannot provide effective relief for these claims, rendering

24

them moot. See *Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1136 (N.D. Cal. 2009)(claims for injunctive relief moot where trustee's sale already occurred).

The Deed of Trust Act was amended in 2009 to permit claims for money damages after a foreclosure sale based upon (1) fraud or misrepresentation, (2) claims under RCW 19, and (3) the failure of the trustee to "materially comply" with the provisions of the Act. RCW 61.24.127.

The Gossens assert that Chase and NWTS failed to comply with the provisions of the Deed of Trust Act. They complain the Notice of Default was defective because NWTS did not sign or record it, and NWTS issued the Notice of Default as an "agent" for Chase, before Chase recorded the appointment of HWTS as successor trustee.

The Act specifies the requisites for a trustee's sale. RCW 61.24.030; *Vawter v. Quality Loan Serv. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1121 (W.D. Wash. 2010). Under the Deed of Trust Act, a default notice need not be recorded or signed, unlike the Notice of Trustee's Sale, which must be both recorded and signed (as they were here). Compare RCW 61.24.030(8) (default notice need be written and transmitted, only), with RCW 61.24.040(1)(a), (f) (notice of trustee's sale must be recorded and signed).

The Deed of Trust Act also expressly allows the beneficiary (Chase) to direct an "authorized agent" (NWTS) to issue the notice of default. RCW 61.24.031. By statute, then, an agent of the beneficiary may issue the Notice of Default. The Notice of Default makes clear that NWTS was not acting as trustee, but rather as the "duly authorized agent" for Chase.

As previously discussed, Chase became the beneficiary under the Deed of Trust when it acquired the Gossens' Note from WaMu. Chase thus had authority under the Deed of Trust to appoint a successor trustee. Chase appointed NWTS as successor trustee. The Appointment of

Successor Trustee was signed, notarized, and recorded. As trustee, NWTS had the authority to foreclose on the property. RCW 61.24.030-.040.

The Gossens' causes of action for violation of the provisions of the Deed of Trust Act (Wrongful Foreclosure, Separation of Note and Deed of Trust, No Holder in Due Course) are subject to dismissal.

The Gossens allege a breach of a fiduciary duty. A trustee on a deed of trust acts as a fiduciary for both the debtor and the creditor. *Meyers Way Dev. Ltd. P'ship v. Univ. Sav. Bank*, 80 Wn. App. 655, 665, 910 P.2d 1308 (1996); *Cox v. Helenius*, 103 Wn.2d 383, 389, 693 P.2d 683 (1985). The Gossens have failed to plead any facts that would support a finding of a breach of the trustee's fiduciary duty. There is no provision in Washington's Deed of Trust Act requiring the trustee to produce the original note to the borrower. Courts have routinely held that Plaintiff's 'show me the note' argument lacks merit. *Diessner v. Mortgage Electronic Registration Systems,* 618 F.Supp.2d 1184, 1187 (D. Ariz. 2009); *Wallis v. Indymac Fed. Bank*, 717 F.Supp.2d 1195, 1200–01 (W.D. Wash. 2010). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not state a claim. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009).

The causes of action alleging breach of a covenant of good faith and fair dealing fails for the same reason. A covenant of good faith and fair dealing exists only in relation to performance of a specific contract obligation. *Johnson v. Yousoofian*, 84 Wn. App. 755, 762, 930 P.2d 921 (1996); *Badgett v. Sec. State Bank*, 116 Wn.2d 563, 570, 807 P.2d 356 (1991). The Gossens fail to identify any contract provision that Chase or NWTS failed to perform. Chase had authority under the Note and Deed of Trust to foreclose, and did so properly.

The Gossens allege fraud and conspiracy.

Under Washington law, a claim for fraud has the following nine elements: (1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff. *Stiley v. Block*, 130 Wn.2d 486, 505, 925 P.2d 194 (1996).

To survive a motion to dismiss, a complaint must plead allegations of fraud with particularity. Fed. R. Civ. P. 9(b). The complaint must include an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations. *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004)). Moreover, Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Id*. at 764-65. Thus, where, as here, a fraud suit involves multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme. *Id*. at 765

Rather than identifying the specific circumstances of allegedly fraudulent conduct of Chase and NWTS, the Gossens make broad allegations that the defendants were involved the changing of beneficiaries of the Deed of Trust and foreclosing on their property without complying with the procedures of the Deed of Trust Act. These allegations appear to stem from the theory that the foreclosure was improper due to the lack of a recorded assignment of deed of trust from WaMu to Chase, and the appointment of NWTS as successor trustee. As previously

discussed, these theories lack any legal merit.  Thus, the allegations of fraud contain insufficient factual matter to state a claim.

Under Washington law, a plaintiff proves a civil conspiracy by showing "by clear, cogent and convincing evidence that (1) two or more people contributed to accomplish an unlawful purpose, or combined to accomplish a lawful purpose by unlawful means; and (2) the conspirators entered into an agreement to accomplish the object of the conspiracy. *Wilson v. State of Washington*, 84 Wn. App. 332, 350-51, 929 P.2d 448 (1996).  Because the conspiracy must be combined with an unlawful purpose, civil conspiracy does not exist independently - its viability hinges on the existence of a cognizable and separate underlying claim.  *N.W. Laborers-Employers Health & Sec. Trust Fund v. Philip Morris. Inc.*, 58 F. Supp. 2d 1211, 1216 (W.D. Wash. 1999).

Here, the Gossens plead no facts showing that Chase or NWTS: (a) combined with anyone for an unlawful purpose; (b) used unlawful means to accomplish a lawful purpose; (c) entered into an agreement to accomplish any conspiracy; or (d) caused through a conspiracy the violation of a separate, independent claim.  The conspiracy claim is subject to dismissal.

## CONCLUSION

For all the foregoing reasons, Chase and NWTS are entitled to dismissal of the Gossens' claims.  The Plaintiffs have failed to state a claim to relief that is plausible on its face.  Allowing Plaintiffs to amend their complaint would be futile.

Therefore, it is hereby **ORDERED:**

1.   Defendant JP Morgan Chase Bank's Motion to Dismiss (Dkt. 11) is **GRANTED**.

2.   Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss (Dkt. 15) is **GRANTED**.

3. The claims of Plaintiffs Yuliya Gossen and Aleksey Gossen (Dkt. 6-1) are **DISMISSED WITH PREJUDICE** as against Defendants JP Morgan Chase Bank and Northwest Trustee Services, Inc.

4. The remaining named Defendant, Stewart Title Company, has not filed an appearance in this action and the record does not reflect that it was served with a copy of the summons and complaint. It is unknown whether Plaintiffs intend to proceed with this action against Stewart Title Company. Accordingly, Plaintiffs are **ORDERED** to provide the Court, no later than October 28, 2011, proof of service of process on Stewart Title Company and notification as to whether they intend to proceed with this lawsuit against Stewart Title Company. In the event Plaintiffs fail to respond, the case will be dismissed against Stewart Title Company without prejudice and without further notice for failure to prosecute.

5. The Clerk is directed to send copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 18th day of October, 2011.

ROBERT J. BRYAN
United States District Judge