UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| YULIYA P GOSSEN, A/K/A JULIA GOSSEN and ALEKSEY V GOSSEN,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATIONAL/WASHINGTON MUTUAL BANK, FA (FL); STEWART TITLE COMPANY; NORTHWEST TRUSTEE SERVICES, INC., SUCCESSORS BY MERGER TO NORTHWEST TRUSTEE SERVICES PLLC FKA NORTHWEST TRUSTEE SERVICES, LLC; DOES 1THROUGH 250 INCLUSIVE,,<br><br>Defendants. | CASE NO. C11-05506 RJB<br><br>ORDER DISMISSING CLAIMS AGAINST STEWART TITLE COMPANY |

On October 18, 2011, Plaintiffs were ordered to provide the Court, no later than October 28, 2011, proof of service of process on Stewart Title Company and notification as to whether they intend to proceed with this lawsuit against Stewart Title Company. Dkt. 24. The Order

further provided that "[i]n the event Plaintiffs fail to respond, the case will be dismissed against Stewart Title Company without prejudice and without further notice for failure to prosecute." *Id*., at pp. 14. Plaintiffs have failed to comply with the Court directive, or otherwise respond.

Fed. R. Civ. P. 16(f) and 41(b) explicitly state that dismissal may be ordered for violation of a court order. When considering whether to dismiss an action for failure to comply court orders, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Malone v. United States Postal Service*, 833 F.3d 128, 130 (9th Cir. 1987).

The first two dismissal factors are the public interest in expeditious resolution of litigation and the trial court's interest in docket control. It is clear that these two factors support dismissal. Plaintiff's dilatory conduct has greatly impeded resolution of the case and prevented this Court from adhering to its trial schedule.

Prejudice to the defendant occurs when a plaintiff flouts the discovery rules, fails to comply with pretrial conference obligations and commits repeated violations of local court rules. See *Malone v. U.S. Postal Service,* 833 F.2d 128, 131 (9th Cir. 1987); *Chism v. National Heritage Life Insurance Co*., 637 F.2d 1328, 1331 (9th Cir.1981).

Public policy favors deciding cases on the merits and weighs against dismissal. This factor alone, however, does not outweigh the other factors which support dismissal. See *Malone*, at 133.

Finally, the Order warned Plaintiffs that the Court will dismiss the matter if Plaintiffs did not comply with the Court order. This warning satisfies the Court's obligation to consider less drastic alternatives to dismissal. See *Malone,* at 132.

| 1 | After review of the foregoing factors, the Court finds that this matter should be dismissed |
| --- | --- |
| 2 | based on Plaintiffs' failure to comply with court orders |
| 3 | Therefore, it is hereby **ORDERED:** |
| 4 | Plaintiff's claims against Stewart Title Company are **DISMISSED** without prejudice. |
| 5 | There remaining no further claims, this action is **DISMISSED** in its entirety. |
| 6 | The Clerk is directed to send copies of this Order to all counsel of record and to any |
| 7 | party appearing *pro se* at said party's last known address. |
| 8 | Dated this 7th day of November, 2011. |

*[Signature]*

ROBERT J. BRYAN
United States District Judge